UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ERICA WALKER, | Case No. 25-cv-3774 (JWB/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| GURSTEL LAW FIRM, P.C., ABC LEGAL SERVICES, LLC, and JOHN DOE, | |
| Defendants. | |

This matter is before the Court on Plaintiff's First Motion for Sanctions (Dkt. No. 12) and Plaintiff's Corrected Motion for Sanctions (Dkt. No. 13). The Court denies the first motion as moot because it was supplanted by the corrected motion. As to the corrected motion, Plaintiff did not comply with D. Minn. LR 7.1 because (1) she did not file a meet-and-confer statement, as required by D. Minn. LR 7.1(a); (2) she did not contact chambers for a hearing date before filing the motion, as required by D. Minn. LR 7.1(b); and (3) she did not file or email a proposed order, as required by D. Minn. LR 7.1(b)(1)(F). The Court will excuse Plaintiff's noncompliance this time, in light of her pro se status, but the Court expects Plaintiff to comply fully with LR 7.1 in the future. In addition, going forward, Plaintiff must file each document listed in LR 7.1(b)(1) separately, so that each document is assigned its own docket number.

Plaintiff's corrected motion seeks sanctions pursuant to Federal Rule of Civil Procedure 11 on four grounds. None of the grounds are meritorious, however, and the Court denies the motion.

Plaintiff first contends that the Answer filed by Defendants Gurstel Law Firm, P.C. ("Gurstel") and ABC Legal Services, LLC (collectively, "Defendants") falsely states that Gurstel "does not engage in debt-collection activity," even though it sent her a letter bearing the notation, "This is an attempt to collect a debt." (Pl.'s Corrected Mot. at 2; *see* Answer, Dkt. No. 5.) Contrary to Plaintiff's assertion, the statement that Gurstel "does not engage in debt-collection activity" does not appear anywhere in the Answer. Rather, Gurstel denies in the Answer that it engaged in "unlawful" or "deceptive" debt collection practices, and Gurstel acknowledges that it sent Plaintiff a letter marked as a debt-collection communication. (Answer ¶¶ 2, 38.) No sanctions are warranted for this conduct.

Plaintiff next argues that Defendants "simulated legal process" by mailing her a reply to her answer and counterclaim in another, state-court case, captioned *Capital One, N.A., successor by merger to Discover Bank v. Erica L. Walker*. (Pl.'s Corrected Mot. at 2; Pl.'s Ex. C, Dkt. No. 8.) Plaintiff asserts that the case is fictitious and that the notation "Hennepin County Court Admin Via E-Filing" falsely suggested the case had been actually filed. (Pl.'s Corrected Mot. at 2.) Defendants' actions concerning another case, initiated in state court, cannot found the basis for Rule 11 sanctions in this case. In addition, Plaintiff has not shown that Defendants were not simply serving a reply to her counterclaim, pursuant to the service and filing requirements of Minnesota Rules of Civil Procedure 5.01 and 5.04.

Plaintiff also argues that Defendants should be sanctioned for communicating directly with her, as "a litigant in active federal litigation," in violation of 15 U.S.C. § 1692c(a)(2), Minn. Stat. § 332.37(a)(12), and Rule 4.2 of the Minnesota Rules of Professional Conduct. (Pl.'s Corrected Mot. at 2.) Section 1692c(a)(2) prohibits a debt collector from communicating with a consumer about the collection of a debt if the debt collector knows the consumer is represented by an attorney with respect to the debt. 15 U.S.C. § 1692c(a)(2). Rule 4.2 prohibits a lawyer from "communicat[ing] about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter." Minn. R. Prof'l Conduct 4.2. Both of these authorities pertain to communications with a person represented by counsel, and Plaintiff is representing herself in this case. The authorities therefore do not apply. Minnesota Statute § 332.37(a)(12) simply prohibits a debt collector from violating the Fair Debt Collection Practices Act while attempting to collect a debt. It does not provide a basis for sanctions, either.

Finally, Plaintiff accuses Defendants of scheduling a motion for judgment on the pleadings during the 21-day safe-harbor period of Rule 11(c)(2) without withdrawing or correcting the alleged misstatements, and in bad faith in violation of Rule 11(b)(1). (Pl.'s Corrected Mot. at 2, 5.) The Court finds there was nothing to withdraw or correct in the Answer, however, and the emails filed by Plaintiff do not evidence bad faith by Defendants in scheduling the motion. (*See* Pl.'s Ex. G, Dkt. No. 13-5.)

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. Plaintiff's First Motion for Sanctions (Dkt. No. 12) is **DENIED AS MOOT**; and

2. Plaintiff's Corrected Motion for Sanctions (Dkt. No. 13) is **DENIED**.

Date: November 7, 2025

    *s/ John F. Docherty*
JOHN F. DOCHERTY
United States Magistrate Judge